IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES EDWARD CARLTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-393-KD-N |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter has been referred to the undersigned pursuant to 28 U.S.C. §636 and Local Rule 72.2(c)(3). For the reasons set forth herein, it is the recommendation of the undersigned that this action be **DISMISSED WITHOUT PREJUDICE.**

Plaintiff's father filed this action on behalf of his adult son, seeking to appeal the denial of benefits by the Commissioner of Social Security.[1] The court has entered numerous orders (docs. 3, 5, 7, and 9) explaining that plaintiff's non-attorney father could not represent his son, and ordering plaintiff to file a new Complaint and Motion for Leave to Proceed In Forma Pauperis in his own name, or to obtain representation by a licensed attorney to do so on his behalf. See Whitehurst v. Wal–Mart, 306 Fed. Appx. 446, 448–49 (11th Cir.2008) (a non-lawyer parent has no right to represent a child in an action in the child's name); Devine v. Indian River County School Bd., 121 F.3d 576, 581 (11th Cir.1997) (holding "that neither 28 U.S.C. § 1654 nor Fed. R. Civ. P 17(c) ... permits a parent to represent his/her child in federal court and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.").

---

[1] There has been no allegation that the adult son is incompetent or otherwise unable to represent his own interests in this matter.

In response to the court's third order (doc. 7), plaintiff eventually filed an IFP motion which appeared to bear his own signature (doc. 8 ).  On October 1, 2012, the undersigned entered a fourth order (doc. 4) again explaining that plaintiff could not represent his son in this matter and cautioning him that the failure to file a valid complaint would lead to a recommendation that the court strike the complaint and dismiss the action.  (Doc. 9) The court set a deadline of October 22, 2012, for plaintiff to file a valid complaint.  The fourth order was especially clear that it was plaintiff's final opportunity to avoid that action.   No complaint has been filed nor has plaintiff sought leave of court for additional time in which to do so or to obtain representation.

District courts possess inherent power to sanction errant litigants before them, including the power to dismiss an action for failure to prosecute. *See, e.g*., Hudson v. Cardwell Corp., Slip Copy, 2006 WL 2135791, *2 (S.D.Ala. July 27, 2006) (Steele, J.). Rule 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. *See, e.g.,* State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir.1982). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Id*. *See also e.g.,* Link v. Wabash R.R. Co., 370 U.S. 626, 630-631 (1962). Dismissal with prejudice is thus appropriate where the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct. *See, e.g.,* Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir.1999); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir.1985).

Despite being given repeated opportunities to do so, plaintiff has failed to comply with this Court's Orders (docs. 3, 5, 7 and 9) and prosecute this action, and upon consideration of the alternatives that are available to this Court, it is recommended that this action be DISMISSED

without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *See, e.g.,* Link, 370 U.S. at 630 (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution).

Accordingly, it is hereby RECOMMENDED that the court dismiss this action without prejudice.

*See* **Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.**

DONE this the 8th day of November, 2012.

/s/Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C.§ 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. §1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.